The next case on the calendar is the United States v. Aguilar-Escobedo. I represent Roberto Aguilar-Escobedo, and there are a number of issues in this case. I'd like to start at the end and move forward. Most frequently, there is now a circular of sorts from the Ninth Circuit requesting sort of opinions on Post, Zavala, and McCarty as to whether or not express consideration of factors of 18 U.S.C. 3553A are required. In this particular case, the judge below did not give a particular 3553A opinion. It just kind of says that. Wasn't there a 10-month minimum here? Wasn't there a 10-year mandatory minimum here? You know, I have a cold, Judge. Wasn't there a 10-year mandatory minimum sentence here? Wasn't there one? Wasn't there one, yes. Isn't there one? Well, Judge, that's going back to the going forward. I'm sorry, what? Well, that has something to do with sentencing entrapment. All right. But you wanted to start at the end, so I'm starting at the end. Assuming everything else is correct, isn't there a 10-year mandatory minimum? With the amount of heroin that was or the amount of cocaine that was found? Five kilograms, as opposed to four. Right. Five kilograms was found. This defendant had done business with the informant on prior occasions in one kilogram. I understand. I'm asking, just answer my question. Given what was actually found, let's leave out the sentencing entrapment for the moment. Wasn't there a 10-year mandatory minimum? Oh, yes, ma'am. Okay. So what did he explain? He didn't explain one month? What did he not explain? Well, it's a matter of what the law is or what the Ninth Circuit is asking, what the law should be. But he gave a 120-month sentence when 120 months was mandatory. Your Honor, I'm required to raise issues. And this is one of the issues that came to my attention, is the McCarty issue. And McCarty was law for a certain period of time and then went off the board. However, shortly after McCarty went off the board, there was not the court. It's not McCarty. It's Carty, by the way. But go ahead. McCarty, yeah. And that's why that issue was raised, Judge. Yeah, well, let's talk about another issue. The best you could get out of that issue is one month, if everything else is against you. And you mentioned sentencing entrapment. And I know the basic facts here. The record shows that he never sold more than one kilo of cocaine at any one time. But the government, through the informant or whatever you want to call them, got him up to five kilos. And that's a 10-year minimum mandatory. And the district judge reviewed it and said, well, he's sold cocaine for a lot of times, so he had the predisposition to sell any amount. So now address to me and tell me why there was sentencing entrapment under the case law, because I'm sympathetic with you, but I want to know the case law on it that would enable me to say there was sentencing entrapment. Actually, Your Honor, Judge White sat on a panel up here at the time when a series of sentencing entrapment cases were being heard back in about 1995 or 1996. And at that time that was sort of a stopgap measure to the sentencing guidelines because the sentencing guidelines were seen, the mandatory minimum was seen as being a little too harsh. So there were two or three cases where the mandatory minimum law was applied to go off of the mandatory minimum. The issue here was the judge himself actually raised the issue for briefing at the time of sentencing. We put off sentencing and we briefed. The judge didn't think that sufficient argument had been made for the mandatory or for the sentencing entrapment. And one of the other issues is that since Booker, Your Honor, there has been no, to my knowledge, there has been no sentencing entrapment case. And the problem is not only, you know, you have a basically a 1-kilogram seller who is set up by somebody with 5 kilograms. Let me ask you something. This 5 kilograms went to the jury, did it not? No. No? Sorry, Judge. Did the 5-kilogram issue, the amount, go to the jury in this case? I feel like I'm speaking Greek most of the time here. Did the amount of cocaine, the 5 kilograms, was that only before the judge or did it go to the jury? Did the jury find the 5 kilograms? It was before the jury, Judge. It was before the jury. Yes, ma'am. It certainly was. And the jury made a finding. Did the jury make a finding? Yes, they did. All right. So this is a different variety of sentencing entrapment. It's really just entrapment. It's basically was he entrapped into an element of the crime, i.e., the 5 kilograms? Did you ask for, did you get instruction on sentencing entrapment? Or entrapment in general? Was there entrapment instruction? No, Judge. What happened is actually the judge was entrapped. But you would have had to actually overturn, it essentially would have had to be a motion for a new trial or something because you would have had to overturn a jury finding, right? Well, the judge invited that briefing to basically overturn the jury's finding. See, you're right that there's no post-Booker law on this. But this isn't really a post-Booker problem because this is not a guidelines problem. Am I right about that? Well, you know, it's kind of curious, the tie-up between sentencing entrapment and entrapment itself, Judge. Well, the typical sentencing entrapment is where the amount of the sentence makes a guidelines difference, right? And that's, and it goes to the, but that's not what's going on here. Here, the amount of the drugs went to the jury as part of the offense, did it not? Because it's a mandatory minimum. Well, I don't know whether that's necessary. So that's kind of a gray area there, Judge, as to whether or not sentencing entrapment is a sentencing issue. Sentencing entrapment has been a judge issue. I understand. And I don't see why it's not an issue, i.e., it seems to me that you can raise, as you could raise any other entrapment issue, you can say, well, they entrap me with regard to the amount that went to the jury, but it's still a somewhat different problem. It should be encompassed in the jury instructions, in other words. Well, there's, that's an interesting issue there as to the instructions. We initially got an instruction pretrial as to entrapment, and the government failed to disclose with regard to its informant that it intended to have the informant testify as to any prior activity with the, between the informant and my client. The conspiracy period was a very short period of time, May 22 to June 3. What the informant was testifying to were alleged prior acts thereto. They weren't disclosed as 404B-type information. They weren't disclosed in the pretrial statements. They weren't even disclosed in a motion for a --- But they were essential to an entrapment issue, right? Yes, they are, Judge. And of course, after that came in, after the informant testified as to these pre-charged incidents, which were very vague, then the judge couldn't really give an entrapment instruction. He thought- But he could have given an entrapment instruction with regard to the 5 kilograms. But he could have given an entrapment instruction with regard to the amount. That wasn't done, Judge. Why wasn't that done? Was he asked? Was it asked? Was it requested? I think the judge, as I remember the way it happened, Judge, is that the judge just simply felt that based on the fact that there had been prior sales, that- In other words, I'm not understanding how you can make an entrapment, a sentencing entrapment argument here at the end of the, of everything when, again, there's a mandatory minimum because of the jury verdict. Unless you could do something with the jury verdict, it doesn't make any difference. Well, that's the curious thing about sentencing entrapment, Judge. It appears to be a sentencing-type issue that's up to the judge. It often is, and that's a guidelines problem, but in this instance it isn't a guidelines problem because you have a mandatory minimum. Am I missing something here? I understand what Your Honor is saying. I'm not really quite sure whether you're locked in by the mandatory minimum or not. And I'm also not quite sure how, if and how and when sentencing entrapment could possibly come into play under the new rules. Well, let me ask another question. What evidence of outrageous government conduct did you submit to the jury? Did you present to the jury? Did you submit, present any evidence about outrageous government conduct to the jury? Not that I can remember, Judge. It would be in the record if I did. Then the question is, what was the basis for the jury finding that there were 5 kilograms involved? It was based on the fact, Your Honor, that the informant normally dealt in 1-kilogram quantities with the defendant. There was a DEA agent known as Uncle Larry. Who suggested 5? Who put 4 kilograms onto the informant with the idea of having the, having that amount bought, being bought from the defendant. And you presented that evidence to the jury? The government presented that evidence, yes. Uncle Larry or Harry or whoever he was. Uncle Larry. Uncle Larry. Did you present evidence about Uncle Larry? Oh, no. That was the government's case, Your Honor. Oh, that he pushed 5 kilograms onto his client? Yes, ma'am. That's quite clear. Normally the ---- And that evidence was before the jury? Yes, ma'am. And that was before the jury. That's all I wanted to know. Thank you. Okay. Anything else? Well, Your Honor, I think we've covered really the meat of the issues. There are various other issues that are addressed in my brief, but with that I think I'll pass. Okay. Thank you very much. I'll have some time in rebuttal then. Thank you very much. Good morning, Your Honors. Shashi Kavuramani. I'm an assistant United States attorney representing the United States in this matter. I'll try and answer some of the Court's questions regarding sentencing entrapment as that relates to this case. I'll keep my voice up. There are two types of entrapment from the case law that I've seen. There's entrapment that goes to the guilt portion, and then there's imperfect entrapment which goes to the sentencing. In this case, there was no entrapment information provided during the guilt phase of the trial. Okay. But if the five – am I correct that the five kilograms was – went to the jury as part of the guilt phase of the case? Yes, Your Honor. It was a special – All right. Why wouldn't it have been a proper, had it been asked, which I don't know if it was, to have – and I've seen other cases in which it was – to have a sentencing entrapment instruction for the jury? I don't know if it would have been incorrect. However, the case law, at least that I've seen, suggests there's two separate phases where – Well, that's because the sentencing entrapment has tended to come up as a guidelines problem. But in this case, it isn't a guidelines problem. Is that right? It is not a guidelines problem because the court found that there was no sentencing entrapment. I know. But it's not a guidelines problem anyway because the principal problem here is a 10-year mandatory minimum that came out of the jury verdict. Correct. So the issue as to whether the entrapment instructions in any form went to the jury at closing, none went to the jury. Okay. None was requested. None was requested. There was one – well, let me – there was a pretrial instruction given before the jury, before evidence was provided. An entrapment instruction was read to the jury because at that point it wasn't clear what type of evidence the defendant would be putting on to warrant an entrapment instruction at the end. During the – excuse me – during the discussion of the jury instructions, the court found that the defendant had not provided sufficient evidence to warrant an entrapment instruction, and the court then did not provide an entrapment instruction to the court – to the jury. So that was not presented to – And no one is arguing here that they should have, although perhaps they should have. That's not an issue. Okay. That's not an issue that's been raised. So that being the case, then what's – and frankly, it seems to me that at least part of the sentencing entrapment standard is met here. It seems fairly obvious that the government was trying very hard to get them to sell more than five kilograms of cocaine, and there must have been a pretty good reason, probably, because they wanted to have a mandatory minimum sentence. That's not all of the standard, however, but it's a chunk of it. And there may have been enough to get to a jury on a sentencing entrapment, but nobody asked for that. Your Honor, I do disagree that the government was trying hard to get the defendant to provide five kilograms of cocaine. There were – there was no evidence whatsoever of repeated solicitations, any reluctance on the defendant's part. I understand. That's the other piece of it. But as to what the jury – the government set out to get them to sell – it's probable they didn't pick five kilograms out of a hat, that they chose five kilograms for a reason, and that they did – and that he wasn't usually selling in those quantities to this – to this informant. I think that's very important, Your Honor, to this informant. The informant had an extensive history with the defendant of buying kilogram levels of cocaine. So it could have been, just as was argued below before the district court, it would because that's what this guy – that's what the defendant did with respect to the informant. Now, and I think the court hit on it. It's with respect to this informant. When the defendant was asked to provide five kilograms, it was on the day of the delivery. There was no – this evidence was in trial. There was no hesitation whatsoever. The five kilograms came, such that there was no evidence to suggest that he was not predisposed to do it, he was reluctant to do it, he was pushed into doing it or in any other way. Other than the – and there is – there is also in several cases cited in the brief, there's a slightly different standard for entrapment in the guilt phase versus the sentencing entrapment. One of the differences is – is one of the issues that you have to look at, at least in the case law, is the amount of inducement, level of reluctance, who acted first, repeated and persistent goading or request. There was none of that here. The other issue that the – Well, you're arguing the merits, and I want to tell you, the merits were in front of me. I won't give it a hard look, but I can't. Once it went to the jury, I don't think there's any – really any entrapment issue here, but go ahead. The government doesn't believe there was any entrapment issue either. Yeah, but I – there could have been, but I don't think there is. That's the problem. Procedurally speaking. Procedurally speaking in the sense that there was no – because no instruction was provided. It wasn't – again, excuse me. It wasn't, again, raised in the brief as far as an error. Under the Ninth Circuit, the model jury instructions which were relied upon when we were formulating the instructions, there is a requirement that there has to be some evidence that entrapment occurred. The defendants has to come – the defense has to come forth with some evidence to show that entrapment occurred. There was none provided here. The Court found that – Well, there is some evidence. I gave it to you with regard to the amount, but that doesn't seem to have been the focus of the conversation or of the request before the jury. No. And other than that, there was no other – the other factors that are taken into consideration to show that this defendant was not predisposed to commit this crime. And the Court had all that information before it when the Court decided not to provide that instruction to the jury. Another – if there are no more questions, I can move on to the next point that the appellant raised, and that is the background of – or the relationship between Ms. Marks, the cooperating witness, and the defendant during the trial. Defense, one, the Court didn't commit – did not commit plain error in allowing that testimony. It was of no surprise to the defendant during the trial that this witness had a relationship because it was set forth in the criminal complaint that was provided in discovery. The criminal complaint set forth that this cooperating witness who was – when the complaint was filed, unidentified, had a four-year relationship with the defendant and was providing and was obtaining drugs from the defendant. Two weeks before trial, that was – the name of it was disclosed. But it was in no way a surprise to the defense. The testimony – even while the testimony was coming in, there was no objection raised under 404-B grounds. You're talking about the earlier sales? Is that what you're talking about? The earlier relationship and why it was appropriated, why there was no plain error to allow the – But isn't the entrapment really the – the possibility of an entrapment defense an answer to that? Because you knew there was going to – I mean, there was – at least at that point, the government had reason to believe there was going to be an entrapment defense and demonstrating a predisposition was essential to counter it. We did. The government did know that entrapment was going to be a possible defense. But it didn't relate – that doesn't relate into error in allowing that testimony. I'm saying it doesn't relate into error, and I don't think – and I don't – therefore, I don't see any reason why – it just wasn't 404-B evidence at that point. It didn't need any notice. Why – because it went to an issue that the defendant was directly raising. That, as well as the fact that it was necessary to present the case to the jury. But isn't that why it was necessary to present the case, at least in large part? In some part. The other part was to explain how the cooperating witness was even able to contact the defendant. Otherwise, it would have appeared out of the blue that this person called the defendant who came to the case. That doesn't sound very important. If there wasn't – I mean, if there wasn't an entrapment issue, what's the difference why she was able to call him if she called him? To explain how she was able to call him. I mean, as far as to provide a context to the case and the evidence. Those are the main two – well, unless the Court wants me to answer the sentencing issues, I have no further – nothing to add. I'll submit on the briefs. That's fine.  Counsel, do you have anything to add? Thank you. One of the other issues that was addressed in the briefs was the auto exception search versus a search of an auto incident to an arrest. And in this particular case, a truck was searched about an hour or more than an hour after. Where are you getting the fact that an auto search – an auto exception search has to be incident to an arrest? I'm sorry, Judge. Where are you getting the idea that an auto exception offense search has to be incident to an arrest if there is probable cause? Well, I think the further issue as to that is if it is an auto exception search, I think that you're limited as to the areas that one can search in an auto exception search. Here, the areas that were searched were probably areas that were not allowed to be searched under the auto exception, but probably would not be searched under a search incident to arrest. Do you think there was probable cause for the search of the automobile? Yes, there was probable cause. Okay. Isn't that the end of the problem? It just has to do with the type of search it was, Judge, because that has to do with the areas which properly could be searched. Anything else? No. Thank you very much. Thank you, counsel. The case of United States v. Aguilar-Escobedo is submitted.
judges: Bright , D.W. Nelson, Berzon